UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case Number: _____

KASEY S. WEEKS,

     Plaintiff,

vs.

DOLGENCORP, LLC,

     Defendant.

_____/

## DEFENDANT, DOLGENCORP, LLC's, NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

Defendant, DOLGENCORP, LLC, by and through its undersigned counsel, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby removes the circuit court case (as hereinafter defined) from the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division. In support hereof, the Defendant states as follows:

1.     On or about January 26, 2022, a civil action was filed in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida with said case being captioned *KASEY WEEKS v. DOLGENCORP, LLC,* Case No: 35-2022-CA-

000134-AXXX-XX. This is a personal injury case based on alleged negligence arising from premises liability.

2.     The removing party is the Defendant in the above-described action.

3.     On or about February 17, 2022, Defendant was served with a Summons and Complaint through service upon Corporation Service Company, its registered agent. This was Defendant's first notice that this lawsuit was filed.

4.     Before Plaintiff's Complaint was filed, Plaintiff sent a presuit letter to Defendant demanding $1 million dollars. Presuit offers, by themselves, do not form the basis of the ability to remove a matter.

5.     At the time that the Complaint was served, Plaintiff's demand was in excess of $130,000.00 exclusive of all interest, costs, and attorney's fees, which is within the jurisdictional limits of the circuit court. (Please see attached Exhibit "A".)

6.     Paragraph 14 of Plaintiff's Complaint, in its prayer for relief, requests damages for "severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairments of earning capacity and/or permanent aggravation of a pre-existing condition." Further, Plaintiff alleges in this paragraph that the damages are "permanent or continuing in their nature and the Plaintiff, KASEY

S. WEEKS will suffer losses into the future." Before filing the lawsuit on August 6, 2021, Plaintiff served a presuit demand for $1 million dollars on Defendant. The demand included past medical expenses in the amount of $188,646.88 (Plaintiff's demand letter attached as Exhibit "B").

7.      Without including amounts for pain and suffering, Plaintiff clearly identified in her Complaint that this action for damages exceeds $130,000.00. Thus, without even considering pain and suffering and future lost medical bills, Plaintiff is clearly seeking damages which exceed this Court's $75,000.00 threshold for diversity jurisdiction.

8.      Pursuant to the requirements of 28 U.S.C. § 1446(b), this Court clearly has jurisdiction in this matter. As demonstrated below Plaintiff and Defendant are citizens of different states. Additionally, Plaintiff served a presuit demand before the Complaint was ever served where Plaintiff demanded over $1 million dollars. Plaintiff's Complaint, which claims more than $130,000 in damages, plainly states that the amount in controversy exceeds the jurisdictional limits of this court.

9.      This Notice of Removal and Supporting Memorandum of Law is filed within thirty (30) days after receiving Plaintiff's Complaint in the above-described action. Thus, we have promptly filed this Notice of Removal and Supporting Memorandum of Law.

10.     At all times material hereto, the Plaintiff, KASEY S. WEEKS, was and is a resident of Lake County, Florida, and is otherwise *sui juris*.

11.     Plaintiff was in Defendant's store in Lake County, Florida on the date of the incident when the incident occurred.

12.      Plaintiff's medical treatment was in Eustis, Florida where Plaintiff also resided. Plaintiff's home address from Plaintiff's medical care is listed as 300 West Atwater Avenue, Eustis, Florida 32736. (See attached Exhibit "C"). The address on Plaintiff's prescriptions for medications while treating in this matter were written to Plaintiff and listed the same residence address as the address in Eustis identified in his medical records.

13.     DOLGENCORP, LLC is a Foreign Limited Liability Company organized in the State of Kentucky. (Please see Exhibit "D".)

14.     DOLGENCORP, LLC filed its Articles of Organization in the State of Kentucky in 2008. (Please see Exhibit "D".)

15.     DOLGENCORP, LLC's principal place of business is: 100 Mission Ridge, Goodlettsville, Tennessee 37072. (Please see Exhibit "D".)

16.     DOLGENCORP, LLC is a wholly owned subsidiary of DOLLAR GENERAL CORPORATION. (Please see Exhibit "D".)

17.    DOLGENCORP, LLC is a manager-managed limited liability company, and DOLLAR GENERAL CORPORATION is the sole member of DOLGENCORP, LLC. (Please see Exhibit "D".)

18.    DOLLAR GENERAL CORPORATION is incorporated in the State of Tennessee. (Please see Exhibit "D".)

19.    DOLLAR GENERAL CORPORATION'S principal place of business is: 100 Mission Ridge, Goodlettsville, Tennessee 37072. (Please see Exhibit "D".)

20.    Thus, DOLGENCORP, LLC is a citizen of the States of Kentucky and Tennessee.

21.    The above-described action wholly involves citizens of different states, and this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. As Plaintiff, KASEY S. WEEKS, is a citizen of the State of Florida and Defendant, DOLGENCORP, LLC, is a citizen of the States of Tennessee and Kentucky, and as this Court and Division encompasses the place where the above-described action is pending, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

22.    In compliance with Local Rule 4.02 (b) of the United States District Court of the Middle District of Florida and 28 U.S.C. § 1446, copies of all State court processes, pleadings, orders and other papers or exhibits of every kind, that have been filed in the State court action are attached hereto as Exhibit "E".

23.     A copy of this Notice of Removal and Supporting Memorandum of Law has been filed in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida with a copy being attached hereto as Exhibit "F".

WHEREFORE, Defendant, DOLGENCORP, LLC, respectfully requests that the state court case now pending in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida be removed to the United States District Court for the Middle District of Florida, Ocala Division.

## MEMORANDUM IN SUPPORT
## OF DEFENDANT'S NOTICE OF REMOVAL

### I.     STATEMENT OF CASE

Plaintiff, KASEY S. WEEKS, alleges in his Complaint that on or about the 27th day of September 2020, while Plaintiff, KASEY S. WEEKS, was in the Defendant's business, slipped on a liquid substance and/or similar substance. Plaintiff, KASEY S. WEEKS, asserts the following damages in his Complaint, stating that he sustained "severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairments of earning capacity and/or permanent aggravation of a pre-existing condition." Additionally, Plaintiff, KASEY S. WEEKS, asserts his losses "are either permanent or continuing."  Plaintiff's Complaint demanded damages in excess of $130,000.00. Plaintiff's damages alone exceed this Court's

jurisdictional requirement. Defendant was served with Plaintiff's Complaint on February 17, 2022.

## II.   FEDERAL COURT JURISDICTION

Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between, among other things, citizens of different states.  Based on 28 U.S.C. § 1332 (c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, …".

At the time of filing the Complaint, Plaintiff, KASEY S. WEEKS, demanded in excess of $130,000.00, which is in excess of this Court's jurisdictional limits.

As set forth in *Baker v. Firestone Tire & Rubber Company*, 537 F. Supp. 244 (S.D. Fla. 1982) and *Richman v. Zimmer, Inc.*, 644 F. Supp. 540 (S.D. Fla. 1986), a determination of the amount in controversy should be made by a fair reading of the Complaint and is not limited to the Plaintiff's allegations of jurisdictional amount.  In *Baker*, the Court found that despite the minimum jurisdictional allegation, the pleading satisfied the removal threshold based on allegations that, "…the plaintiff sought to recover for permanent and serious injuries…pain, disfigurement, disability, loss of wages, loss of earning capacity…".  Plaintiff's

Complaint served upon Defendant on February 17, 2022, unequivocally asserts that Plaintiff, KASEY S. WEEKS, admits that he is seeking damages of more than $130,000.00.

In this action, at the time of filing the Complaint, Plaintiff's demand for damages was in excess of $130,000.00.  Thus, Defendant is justified in relying on Plaintiff's Complaint that Plaintiff's claim in this matter exceeds $130,000.00. Defendant has attached Plaintiff's presuit demand letter identifying in excess of $188,646.88 in past medical damages and demanding $1 million dollars. Although Defendant cannot rely on the presuit demand letter alone, based on Plaintiff's Complaint, Plaintiff is clearly seeking damages in excess of $1 million dollars. Defendant's counsel has filed this Notice of Removal and Supporting Memorandum of Law within thirty (30) days of receiving Plaintiff's Complaint on February 17, 2022.

Plaintiff's Complaint served upon Defendant on February 17, 2022 satisfies the $75,000.00 removal threshold. Further, because Plaintiff is a citizen of the State of Florida and DOLGENCORP, LLC is a citizen of the States of Kentucky and Tennessee, complete diversity exists in this matter. Since the amount in controversy exceeds $75,000.00 and as complete diversity of citizenship exists, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

### III.   REMOVAL AND VENUE

As this Court has original jurisdiction, the present case may be removed pursuant to 28 U.S.C. § 1441.  This removal is effected pursuant to the terms of 28 U.S.C. § 1446 and in compliance with said statute, this Notice of Removal and Supporting Memorandum of Law is accompanied by copies of all process, pleadings, and orders served upon the Defendant. Venue is proper pursuant to 28 U.S.C. § 1441 as the United States District Court for the Middle District of Florida, Ocala Division, encompasses Lake County, Florida where this state action is pending.

WHEREFORE, Defendant, DOLGENCORP, LLC, requests this Court to take jurisdiction of this action to the exclusion of any further proceedings in state court and in accordance with law.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2022, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system which will send a Notice of Electronic Filing to: Ramon Castillo, Esq., rcastillo@rubensteinlaw.com, mmercado@rubensteinlaw.com and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

Respectfully submitted,

/s/ Russell F. Bergin

Russell F. Bergin, Esquire
Florida Bar No: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Telephone: (352) 394-5888
Facsimile: (352) 394-8558
russ@berginlaw.com
christie@berginlaw.com
lara@berginlaw.com
Counsel for Defendant

**EXHIBIT "A"**

Filing # 142677750 E-Filed 01/26/2022 11:26:36 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

KASEY S. WEEKS,

      CIVIL DIVISION
      CASE NO.:

    Plaintiff,

v.

DOLGENCORP, LLC,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **KASEY S. WEEKS**, by and through the undersigned counsel, hereby sues the Defendant, **DOLGENCORP, LLC** ("DOLGENCORP"), and alleges:

1.  This is an action for damages which exceeds One Hundred and Thirty Thousand Dollars ($130,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

2.  At all times material hereto, the Plaintiff, **KASEY S. WEEKS,** was and is a resident of Lake County, Florida, and is otherwise *sui juris.*

3.  At all times material hereto, the Defendant, **DOLGENCORP,** was and is a foreign corporation organized under the Laws of the State of Tennessee, and doing business in Eustis, Lake County, Florida.

4.  Venue is proper in this County in that the Defendant, **DOLGENCORP,** does business in Lake County, Florida, and/or all of the acts complained of herein occurred in Lake County, Florida.

5.  That on or about September 27, 2020, the Plaintiff, **KASEY S. WEEKS**, was an invitee of the Defendant, **DOLGENCORP's** store located at 45 W. Stevens Ave, Eustis, FL 32726.

6. That on or about September 27, 2020, the Plaintiff, **KASEY S. WEEKS,** was lawfully in Defendant, **DOLGENCORP's** store.

7. That at all times material hereto, and specifically on September 27, 2020, Defendant, **DOLGENCORP**, owned, managed, controlled, operated, and/or maintained the inside of its store located at 45 W. Stevens Ave, Eustis, FL 32726, in Lake County.

8. That on or about September 27, 2020, a dangerous condition existed on the floor of the store. This dangerous condition consisted of liquid such as water on the floor of defendant's store.

9. That the Defendant owed to its business invitees a duty to provide a reasonably safe environment.

10. That the Defendant owed to its business invitees a duty to provide a reasonably safe flooring in its store.

11. That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

a. By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids such as water and/or other substances to accumulate on the floor, and to prevent dangerous conditions from occurring; and/or

b. By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

c. By failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

d. By failing to remove said water or other similar substance from the floor of the premises; and/or

e.  By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

f.  Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing water and/or a similar substance to be left on the floor of the premises so as to cause the Plaintiff's injury.

g.  By failing to place appropriate flooring in the store.

12. That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or

13. That the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such frequency that owner should have known of its existence.

14. As a direct and proximate result of the aforementioned negligence of the Defendant, **DOLGENCORP**, the Plaintiff, **KASEY S. WEEKS**, slipped on a liquid substance and/or a similar substance that had accumulated on the floor and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **KASEY S. WEEKS** will suffer the losses into the future.

- 3 -

WHEREFORE, Plaintiff, **KASEY S. WEEKS,** hereby demands judgment for damages, costs and interest from the Defendant, **DOLGENCORP, LLC,** together with whatever other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

The Plaintiff, **KASEY S. WEEKS,** hereby demands trial by jury of all issues so triable as a matter of right.

Dated: January 26, 2022.

> **RUBENSTEIN LAW, P.A.**
> Attorneys for Plaintiff
> 200 South Orange Avenue, Suite 2000
> Orlando, FL 32801
> Phone: (305) 661-6000
> Fax: (305) 670-7555
> Email:  rcastillo@rubensteinlaw.com
>          mmercado@rubensteinlaw.com
>          eservice@rubensteinlaw.com

> By:   */s/ Ramon Castillo*
>       **RAMON CASTILLO**
>       Florida Bar No.: 22404

- 4 -

# R | RUBENSTEIN LAW

TOLL FREE MAIN    (800) FL-LEGAL (355-3425)
TOLL FREE FAX     (866) 335-3485
WEBSITE           rubensteinlaw.com
SEND ALL MAIL TO  9130 S. Dadeland Blvd, PH
                  Miami, FL 33156

**EXHIBIT "B"**

August 6, 2021

Calvin Billingsley
Dollar General Risk Management
PO Box 1728
Goodlettsville, TN 37070

<div style="border:1px solid">

**Reply to:** Sally Prieto-Chomat
sally@rubensteinlaw.com
P: (407) 269-8561 | F: (407) 720-6072

</div>

| RE: | Our Client: | Kasey Shane Weeks | Claim No.: | 202015029 |
|---|---|---|---|---|
| | Your Insured: | Dollar General Corporation | Date of Incident: | 09/27/2020 |
| | Policy No.: | Unknown | Our File No.: | 391239 |

Dear Sir/Madam:

As you are aware, our firm represents Kasey Shane Weeks with regard to injuries he sustained in the above referenced incident. Please accept this letter as our formal demand for settlement.

Enclosed please find the following specials regarding our client:

| Type of Bill | Medical Provider | Total Charges |
|---|---|---|
| Medical Bill | Advanced Ambulatory Surgery Center | $89,048.88 |
| Medical Bill | Emery Medical Solutions | $4,420.00 |
| Medical Bill | St. Germain Chiropractic | $8,830.00 |
| Medical Bill | The Neuro Spine Institute of Florida | $15,278.00 |
| Medical Bill | The Neuro Spine Institute of Florida | $14,452.00 |
| Medical Bill | The Neuro Spine Institute of Florida | $15,278.00 |
| Medical Bill | The Neuro Spine Institute of Florida | $41,340.00 |
| | **Total:** | **$188,646.88** |

**OFFICE LOCATIONS**
BOSTON | BROWARD | DAYTONA | FORT MYERS | JACKSONVILLE | KISSIMMEE | MELBOURNE | MIAMI
NORTH MIAMI | ORLANDO | ST. PETERSBURG | TAMPA | WEST PALM BEACH

08/10/2021

As you will see from the enclosed reports, Kasey Shane Weeks has suffered serious lumbar spine injuries, including multiple broad-based disc herniations resulting in impingment and right sacroiliac joint dysfunction for which Mr. Weeks has undergone conservative treatment, including physical therapy, medications, epidural injections and radiofrequency nerve ablation. Unfortunately, Mr. Weeks' pain and symptoms persisted and he underwent right SI joint fusion.  Mr. Weeks also suffered cervical spine injuries among other injuries from this incident.

In view of the foregoing, demand for settlement of our client's case is hereby made in the sum of $1,000,000.00. This demand will remain open for thirty days from the date of this letter.

Your settlement check should be made payable to The Trust Account of the Rubenstein Law, P.A. for the benefit of our client.

Our Tax ID #:    65-0715749.

We look forward to your prompt attention to this matter and appreciate your cooperation.

Sincerely,

Sally Prieto-Chomat
Partner
SPC/OL

Encl.

08/10/2021

**EXHIBIT "C"**

## Statement Of Account

The Neuro Spine Institute of Florida

14810 Old St Augustine Rd , Ste 207

Jacksonville, FL 32258-0000

| Date | Account No | #Page |
|------|-----------|-------|
| 07/15/2021 | WEEKSK | 1 |

| Last Payment | |
|------|--------|
| Date | Amount |
|  | $0.00 |

WEEKS, KASEY S..

300 WEST ATWATER AVE

EUSTIF, FL 32736-

### Charges & Payments

| Date | Procedure | Charges | Paid by Insurance | Paid By Patient | Adjusted | Insurance Balance | Patient Balance |
|------|-----------|---------|-------------------|-----------------|----------|-------------------|-----------------|
| 03/03/2021 | J2001 - LIDOCAINE 50CC | $150.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/03/2021 | 62311 - LUMBAR EPIDURAL | $1,879.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/03/2021 | 99213 - LEVEL 3 EXPANDED | $390.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/03/2021 | J3490 - BUPIVACAINE | $300.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/03/2021 | 72275 - EPIDUROGRAPHY | $1,019.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/03/2021 | 77003 - Fluoroscopy -- Spinal | $837.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/03/2021 | Q9965 - OMNIPAQUE | $200.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/03/2021 | 99070 - EPIDURAL TRAY | $1,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/03/2021 | J1030 - DEPO-MEDROL 40MG/ML | $320.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/19/2021 | 99213 - LEVEL 3 EXPANDED | $390.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/29/2021 | 64483 - EPIDURAL SACRAL | $1,995.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/29/2021 | 27096 - SI INJECTION | $2,481.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/29/2021 | Q9965 - OMNIPAQUE | $200.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/29/2021 | J3490 - BUPIVACAINE | $900.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/29/2021 | 99213 - LEVEL 3 EXPANDED | $390.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/29/2021 | 64493 - FACET INJECTION L-SPINE | $1,461.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/29/2021 | J2001 - LIDOCAINE 50CC | $150.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Statement Of Account**

The Neuro Spine Institute of Florida

14810 Old St Augustine Rd , Ste 207

Jacksonville, FL 32258-0000

| Date | Account No | #Page |
|------|------------|-------|
| 07/15/2021 | WEEKSK | 2 |

| Last Payment | |
|------|--------|
| Date | Amount |
| | $0.00 |

WEEKS, KASEY S..

300 WEST ATWATER AVE

EUSTIF, FL 32736-

| 04/01/2021 | 99213 - LEVEL 3 EXPANDED | $390.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
|------------|--------------------------|---------|-------|-------|-------|-------|-------|

|  | Total : | $0.00 | $0.00 |
|--|---------|-------|-------|

| 0 - 30 Days Current | 31 - 60 Days Past Due | 61 - 90 Days Past Due | 91 - 120 Days Past Due | > 120 Days Past Due |
|---------------------|------------------------|------------------------|-------------------------|----------------------|
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| Patient Balance Due |
|---------------------|
| $0.00 |

Notes :

| Insurance Balance Due |
|-----------------------|
| $14,452.00 |

08/10/2021

**Next Medical Florida**

**877 S Orange Blossom Trail**
**Apopka FL 32703**
**Phone: (407) 889-3223  Fax: (407) 889-7263**

# Itemized Statement

Statement Date: Wednesday, November 11, 2020          For Activity:     09/30/2020 thru 11/11/2020
                                                                                              Cell: (352) 327-6259

Kasey Weeks
300 West Atwater Avenue
Eustis, FL  32726

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Kasey Weeks**                                                                                                     **11966-Slip & Fall**

| Date | Code | Description | Uts | Charge | Pri Paid | Sec Paid | Pat Paid | WOff | DISC | Misc CHG | Tax | Ins Amount | Pat Owes |
|------|------|-------------|-----|--------|----------|----------|----------|------|------|----------|-----|------------|----------|
| 9/30/20 | 72052 | Cervical Xray, 7 view | 1 | 670.00 | | | | | | | | 0.00 | 670.00 |
| 9/30/20 | 72070 | Thoracic Xray, 2 view | 1 | 180.00 | | | | | | | | 0.00 | 180.00 |
| 9/30/20 | 72100 | Lumbar Xray, 2-3 view | 1 | 195.00 | | | | | | | | 0.00 | 195.00 |
| 9/30/20 | 97012 | Traction | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 9/30/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 9/30/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 9/30/20 | 99203 | NP Detailed | 1 | 225.00 | | | | | | | | 0.00 | 225.00 |
| 10/03/20 | 97010 | Hot/ Cold pack | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/03/20 | 97012 | Traction | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/03/20 | 97110 | Therapeutic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/03/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/03/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/03/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/03/20 | G0283 | EMS (elec muscle stim) | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/05/20 | 97010 | Hot/ Cold pack | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/05/20 | 97012 | Traction | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/05/20 | 97110 | Therapeutic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/05/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/05/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/05/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/05/20 | G0283 | EMS (elec muscle stim) | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/05/20 | 97124 | Massage | 1 | 55.00 | | | | | | | | 0.00 | 55.00 |
| 10/06/20 | 97010 | Hot/ Cold pack | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/06/20 | 97012 | Traction | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/06/20 | 97110 | Therapeutic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/06/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/06/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/06/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/06/20 | G0283 | EMS (elec muscle stim) | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/06/20 | 97124 | Massage | 1 | 55.00 | | | | | | | | 0.00 | 55.00 |

## Next Medical Florida

**877 S Orange Blossom Trail**
**Apopka FL 32703**
**Phone: (407) 889-3223   Fax: (407) 889-7263**

## Itemized Statement

Statement Date: Wednesday, November 11, 2020          For Activity:     09/30/2020 thru 11/11/2020
Cell: (352) 327-6259

**Kasey Weeks**
**300 West Atwater Avenue**
**Eustis, FL  32726**

| Kasey Weeks | | | | | | | | | | | | 11966-Slip & Fall |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Code | Description | Uts | Charge | Pri Paid | Sec Paid | Pat Paid | WOff | DISC | Misc CHG | Tax | Ins Amount | Pat Owes |
| 10/08/20 | 97010 | Hot/ Cold pack | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/08/20 | 97012 | Traction | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/08/20 | 97110 | Therapuetic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/08/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/08/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/08/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/08/20 | G0283 | EMS (elec muscle stim) | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/08/20 | 97124 | Massage | 1 | 55.00 | | | | | | | | 0.00 | 55.00 |
| 10/09/20 | 97010 | Hot/ Cold pack | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/09/20 | 97012 | Traction | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/09/20 | 97110 | Therapuetic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/09/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/09/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/09/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/09/20 | G0283 | EMS (elec muscle stim) | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/09/20 | 97124 | Massage | 1 | 55.00 | | | | | | | | 0.00 | 55.00 |
| 10/12/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/12/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/14/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/14/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/14/20 | G0283 | EMS (elec muscle stim) | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/14/20 | 97010 | Hot/ Cold pack | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/14/20 | 97012 | Traction | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/14/20 | 97124 | Massage | 1 | 55.00 | | | | | | | | 0.00 | 55.00 |
| 10/14/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/14/20 | 97110 | Therapuetic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/16/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/16/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |

**Next Medical Florida**

**877 S Orange Blossom Trail**
**Apopka FL 32703**
**Phone: (407) 889-3223   Fax: (407) 889-7263**

# Itemized Statement

Statement Date: Wednesday, November 11, 2020          For Activity:     09/30/2020 thru 11/11/2020
                                                                                        Cell: (352) 327-6259

**Kasey Weeks**
**300 West Atwater Avenue**
**Eustis, FL  32726**

| Kasey Weeks | | | | | | | | | | | | 11966-Slip & Fall | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Code | Description | Uts | Charge | Pri Paid | Sec Paid | Pat Paid | WOff | DISC | Misc CHG | Tax | Ins Amount | Pat Owes |
| 10/16/20 | G0283 | EMS (elec muscle stim) | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/16/20 | 97010 | Hot/ Cold pack | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/16/20 | 97012 | Traction- | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/16/20 | 97124 | Massage | 1 | 55.00 | | | | | | | | 0.00 | 55.00 |
| 10/16/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/16/20 | 97110 | Therapeutic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/20/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/20/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/20/20 | G0283 | EMS (elec muscle stim) | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/20/20 | 97010 | Hot/ Cold pack | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/20/20 | 97012 | Traction | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/20/20 | 97124 | Massage | 1 | 55.00 | | | | | | | | 0.00 | 55.00 |
| 10/20/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/20/20 | 97110 | Therapeutic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/22/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/22/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/22/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/22/20 | 97110 | Therapeutic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/23/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/23/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/23/20 | 99213 | Expanded Exam, Est | 1 | 155.00 | | | | | | | | 0.00 | 155.00 |
| 10/26/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/26/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/26/20 | 97110 | Therapeutic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/26/20 | 97012 | Traction | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 10/26/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/28/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/28/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 10/28/20 | 97012 | Traction | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |

08/10/2021

## Next Medical Florida

**877 S Orange Blossom Trail**
**Apopka FL 32703**
**Phone: (407) 889-3223   Fax: (407) 889-7263**

# Itemized Statement

Statement Date: Wednesday, November 11, 2020      For Activity:    09/30/2020 thru 11/11/2020

Kasey Weeks                           Cell: (352) 327-6259
300 West Atwater Avenue
Eustis, FL  32726

| Kasey Weeks | | | | | | | | | | | | 11966-Slip & Fall | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Code | Description | Uts | Charge | Pri Paid | Sec Paid | Pat Paid | WOff | DISC | Misc CHG | Tax | Ins Amount | Pat Owes |
| 10/28/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 10/28/20 | 97110 | Therapuetic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 11/02/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 11/02/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 11/02/20 | G0283 | EMS (elec muscle stim) | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 11/02/20 | 97010 | Hot/ Cold pack | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 11/02/20 | 97124 | Massage | 1 | 55.00 | | | | | | | | 0.00 | 55.00 |
| 11/02/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 11/02/20 | 97110 | Therapuetic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 11/04/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 11/04/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 11/04/20 | G0283 | EMS (elec muscle stim) | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 11/04/20 | 97010 | Hot/ Cold pack | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 11/04/20 | 97124 | Massage | 1 | 55.00 | | | | | | | | 0.00 | 55.00 |
| 11/04/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 11/04/20 | 97110 | Therapuetic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 11/05/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 11/05/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 11/05/20 | G0283 | EMS (elec muscle stim) | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 11/05/20 | 97010 | Hot/ Cold pack | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 11/05/20 | 97124 | Massage | 1 | 55.00 | | | | | | | | 0.00 | 55.00 |
| 11/05/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 11/05/20 | 97110 | Therapuetic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 11/10/20 | 98941 | Manipulation 3-4 Regions | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 11/10/20 | 98943 | Extra spinal Manipulation | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |
| 11/10/20 | G0283 | EMS (elec muscle stim) | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 11/10/20 | 97010 | Hot/ Cold pack | 1 | 50.00 | | | | | | | | 0.00 | 50.00 |
| 11/10/20 | 97140 | Manual Therapy | 1 | 85.00 | | | | | | | | 0.00 | 85.00 |
| 11/10/20 | 97110 | Therapuetic Exercise | 1 | 65.00 | | | | | | | | 0.00 | 65.00 |

**Next Medical Florida**

**877 S Orange Blossom Trail**
**Apopka FL 32703**
**Phone: (407) 889-3223  Fax: (407) 889-7263**

# Itemized Statement

Statement Date: Wednesday, November 11, 2020          For Activity:      09/30/2020 thru 11/11/2020
                                                                              Cell: (352) 327-6259

Kasey Weeks
300 West Atwater Avenue
Eustis, FL  32726

---

| Kasey Weeks | | | | | | | | | | | | 11966-Slip & Fall |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Code | Description | Uts | Charge | Pri Paid | Sec Paid | Pat Paid | WOff | DISC | Misc CHG | Tax | Ins Amount | Pat Owes |
| 11/10/20 | 99213 | Expanded Exam, Est | 1 | 155.00 | | | | | | | | 0.00 | 155.00 |
| **Total** | | | | $8,830.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | |
| | | | | -$0.00 | | $0.00 | $0.00 | | -$0.00 | | -$0.00 | -$8,830.00 |

---

-----------------------------------------------------------------------------------------------
Please cut along the line and enclose this portion with your payment.

Kasey Weeks                                          **Account:        11966-Slip & Fall**
300 West Atwater Avenue
Eustis, FL  32726                                            Balance:   $8,830.00
                                              Please Pay this Amount:   $8,830.00
                                                       Payment Amount: _____

CC #:        -        -        -          Exp:          CCV:          Name:

**Next Medical Florida**
**877 S Orange Blossom Trail**          *Thank you for your business!*
**Apopka FL 32703**

Advanced Ambulatory Surgery Center
652 Palm Springs Drive
Altamonte Springs, FL 32701
P: 407-332-9871 eF: 407-386-3155



NEED: Pre-Op orders, Consent to SX, H&P, Office notes, Medical Clearance.          ☐ Transportation

## Scheduling Information Sheet

Surgeon: Dr. Ben Guiot                                Scheduler: Rob

Co-Surgeon: _____                       Assisting: _____

Scheduling Office: Neuro Spine Institute of Florida

Date of Procedure: 6-10-21                         Length: 1 hour

Procedure: Right SI stabilization and Fusion

_____

Height: _____   Weight: _____   Gender: Male

CPT Codes: 27280, 20936

ICD10 Codes: _____

Special Needs: Diabetic   Aspirin   Coumadin   Other: _____

Special Equipment: Allevio, Neuro-monitoring, Blood type & screen

Clearance Appt. Date, Time, Where: _____

CBC ✔   UA ✔   CMP ✔   PT, PTT ✔   CXR ✔   EKG ✔   H&P ✔

Patient Name: Kasey Weeks
Address: 300 West Atwater Ave
City: Eustis                      ST: FL       Zip: 32736
Home Phone: _____       Cell Phone: 352-327-6259
Work Phone: _____       DOB: ███████        SSN: _____
Parent Name (if minor): _____   Phone: _____

Primary Insurance: LOP                    Phone: _____
ID Number: _____               Group Number: _____
Secondary Insurance: _____     Phone: _____
ID Number: _____               Group Number: _____

Auto/Workers Comp: _____       Phone: _____
Adjuster: _____                Phone: _____
Claim/Case #: _____            Accident Date: _____
Claim Address: _____

Atty Office: Rubenstein Law      Phone: 305-661-6000   Fax: 305-670-7555
Address: _____                  Contact Person: _____
Accident Date: 9/27/20

## AFFIDAVIT OF ADAM ZAGER

STATE OF <u>TENNESSEE</u>

COUNTY OF <u>DAVIDSON</u>

BEFORE ME, the undersigned authority, personally appeared ADAM ZAGER, who after being first duly sworn, deposes and says of his personal knowledge the following:

1.    My name is ADAM ZAGER, I am over the age of eighteen (18) and I have personal knowledge of each of the matters set forth below, and I am competent to testify to the same. I am the Vice President of Risk Management for Dollar General Corporation.

2.    DOLGENCORP, LLC is a Foreign Limited Liability Company organized in the State of Kentucky.

3.    DOLGENCORP, LLC filed its Articles of Organization in the State of Kentucky in 2008.

4.    DOLGENCORP, LLC's principal place of business is: 100 Mission Ridge, Goodlettsville, Tennessee 37072.

5.    DOLGENCORP, LLC is a wholly owned subsidiary of DOLLAR GENERAL CORPORATION.

6.    DOLGENCORP, LLC is a manager-managed limited liability company, and DOLLAR GENERAL CORPORATION is the sole member of DOLGENCORP, LLC.

7.    DOLLAR GENERAL CORPORATION is incorporated in the State of Tennessee.

8.    DOLLAR GENERAL CORPORATION'S principal place of business is: 100 Mission Ridge, Goodlettsville, Tennessee 37072.

9.    I am employed at DOLLAR GENERAL CORPORATION's corporate headquarters in Goodlettsville, Tennessee.

FURTHER AFFIANT SAYETH NAUGHT.

_____
ADAM ZAGER

STATE OF <u>TENNESSEE</u>

COUNTY OF <u>DAVIDSON</u>

The foregoing AFFIDAVIT OF ADAM ZAGER was acknowledged before me by means of [✓] physical presence or [  ] online notarization, this 3 day of March, 2022, by ADAM ZAGER, who is personally known to me or who has produced _____ as identification.

_____
Notary Public Signature

Leah  M.  Lambert
_____
Name (printed, typed, or stamped)

(Notary Seal)

LEAH M LAMBERT
STATE
OF
TENNESSEE
NOTARY
PUBLIC
CHEATHAM COUNTY
My Commission Expires DEC. 22, 2024

EXHIBIT "E"



## COMPREHENSIVE CASE INFORMATION SYSTEM

Gary J. Cooney, Esq., Clerk of the Circuit Court and Comptroller
**LAKE COUNTY**

CCIS

eportaluser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 352022CA000134AXXXXX [352022CA000134AXXXXX] | 01/26/2022 | | LAKE | Negligence-Premises Liability Commercial | OPEN | No | Yes |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 01/26/2022 | Negligence-Premises Liability Commercial | NO | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| TAKAC-DP, MICHAEL G | JUDGE | | |
| BERGIN, RUSSELL F | ATTORNEY | | |
| DOLGENCORP LLC | DEFENDANT | BERGIN, RUSSELL F | 887560 |
| WEEKS, KASEY S | PLAINTIFF | CASTILLO, RAMON A | 22404 |
| CASTILLO, RAMON A | ATTORNEY | | |

### Dockets

Page : 1    ALL ∨

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 12 | 03/10/2022 | CASE MANAGEMENT ORDER; SIGNED 3/9/22 | 5 |
| | 11 | 03/09/2022 | ANSWER AND AFFIRMATIVE DEFENSES FILED BY DOLGENCORP LLC.; DOLGENCORP LLC.; DEMAND FOR JURY TRIAL | 5 |
| | 10 | 03/09/2022 | NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESS; NOTICE OF APPEARANCE AS TO RUSSELL F, BERGIN, ESQ AND DESIGNATION OF ELECTRONIC MAIL ADDRESSES PURSUANT TO RULE 2,516 ON BEHALF OF THE DEFENDANT | 2 |
| | 9 | 02/18/2022 | SUMMONS RETURNED SERVED AS TO DOLGENCORP LLC, / 02/17/2022; DOLGENCORP LLC.; 02/17/2022 | 2 |
| | 8 | 01/26/2022 | SUMMONS ISSUED TO DOLGENCORP LLC.; DOLGENCORP LLC. | 1 |
| | 7 | 01/26/2022 | PAID $410,00 ON RECEIPT 2709506, FULLY PAID; $410,00; 2709506; Fully Paid | 1 |
| | 6 | 01/26/2022 | SUMMONS TO BE ISSUED BY CLERK | 1 |
| | 5 | 01/26/2022 | REQUEST FOR ADMISSIONS | 3 |
| | 4 | 01/26/2022 | REQUEST FOR PRODUCTION | 3 |
| | 3 | 01/26/2022 | NOTICE OF SERVICE OF INTERROGATORIES | 1 |
| | 2 | 01/26/2022 | COMPLAINT; JURY TRIAL DEMAND | 4 |
| | 1 | 01/26/2022 | CIVIL COVER SHEET | 3 |

### Judge Assignment History

### Court Events

### Financial Summary

### Reopen History

Filing # 142677750 E-Filed 01/26/2022 11:26:36 AM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

##   I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LAKE</u>   COUNTY, FLORIDA

<u>KASEY S WEEKS</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>DOLGENCORP LLC</u>
Defendant

### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.    TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>1</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Ramon A Castillo</u>                 Fla. Bar # <u>22404</u>
           Attorney or party                          (Bar # if attorney)

<u>Ramon A Castillo</u>                   <u>01/26/2022</u>
(type or print name)                Date

Filing # 142677750 E-Filed 01/26/2022 11:26:36 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

KASEY S. WEEKS,

    Plaintiff,

v.

DOLGENCORP, LLC,

    Defendant.

_____/

CIVIL DIVISION
CASE NO.: 2022CA134

FEB 17 2022

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Plaintiff's Initial Interrogatories to Defendant, Request for Admission, and Request to Produce. in this action on Defendant:

**DOLGENCORP, LLC**
**BY SERVING REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-2525**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

**Ramon Castillo, Esquire**
**RUBENSTEIN LAW, P.A**
**200 South Orange Avenue, Suite 2000**
**Orlando, FL 32801**
**Tel: (321) 319-4092**
**Fax: (321) 247-6776**

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED ON: on this 26th day of ___January___, 2022.

Clerk of Said Court

BY: _Linda Benson_
    As Deputy Clerk
(Court Seal)

FILED: LAKE COUNTY, GARY J. COONEY, CLERK, 01/26/2022 03:30:01 PM

Filing # 142677750 E-Filed 01/26/2022 11:26:36 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

KASEY S. WEEKS,                                    CIVIL DIVISION
                                                   CASE NO.:
    Plaintiff,

v.

DOLGENCORP, LLC,

    Defendant.

_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **KASEY S. WEEKS**, by and through the undersigned counsel, hereby sues

the Defendant, **DOLGENCORP, LLC** ("DOLGENCORP"), and alleges:

1. This is an action for damages which exceeds One Hundred and Thirty Thousand Dollars
   ($130,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional
   limits.

2. At all times material hereto, the Plaintiff, **KASEY S. WEEKS,** was and is a resident of Lake
   County, Florida, and is otherwise *sui juris*.

3. At all times material hereto, the Defendant, **DOLGENCORP,** was and is a foreign
   corporation organized under the Laws of the State of Tennessee, and doing business in Eustis,
   Lake County, Florida.

4. Venue is proper in this County in that the Defendant, **DOLGENCORP,** does business in
   Lake County, Florida, and/or all of the acts complained of herein occurred in Lake County,
   Florida.

5. That on or about September 27, 2020, the Plaintiff, **KASEY S. WEEKS**, was an invitee of
   the Defendant, **DOLGENCORP's** store located at 45 W. Stevens Ave, Eustis, FL 32726.

6. That on or about September 27, 2020, the Plaintiff, **KASEY S. WEEKS,** was lawfully in Defendant, **DOLGENCORP's** store.

7. That at all times material hereto, and specifically on September 27, 2020, Defendant, **DOLGENCORP**, owned, managed, controlled, operated, and/or maintained the inside of its store located at 45 W. Stevens Ave, Eustis, FL 32726, in Lake County.

8. That on or about September 27, 2020, a dangerous condition existed on the floor of the store. This dangerous condition consisted of liquid such as water on the floor of defendant's store.

9. That the Defendant owed to its business invitees a duty to provide a reasonably safe environment.

10. That the Defendant owed to its business invitees a duty to provide a reasonably safe flooring in its store.

11. That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

a. By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids such as water and/or other substances to accumulate on the floor, and to prevent dangerous conditions from occurring; and/or

b. By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

c. By failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

d. By failing to remove said water or other similar substance from the floor of the premises; and/or

e.   By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

f.   Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing water and/or a similar substance to be left on the floor of the premises so as to cause the Plaintiff's injury.

g.   By failing to place appropriate flooring in the store.

12.   That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or

13.   That the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such frequency that owner should have known of its existence.

14.   As a direct and proximate result of the aforementioned negligence of the Defendant, **DOLGENCORP**, the Plaintiff, **KASEY S. WEEKS**, slipped on a liquid substance and/or a similar substance that had accumulated on the floor and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **KASEY S. WEEKS** will suffer the losses into the future.

WHEREFORE, Plaintiff, **KASEY S. WEEKS,** hereby demands judgment for damages, costs and interest from the Defendant, **DOLGENCORP, LLC,** together with whatever other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

The Plaintiff, **KASEY S. WEEKS,** hereby demands trial by jury of all issues so triable as a matter of right.

Dated: <u>January 26, 2022.</u>

> **RUBENSTEIN LAW, P.A.**
> Attorneys for Plaintiff
> 200 South Orange Avenue, Suite 2000
> Orlando, FL 32801
> Phone: (305) 661-6000
> Fax: (305) 670-7555
> Email:  rcastillo@rubensteinlaw.com
>        mmercado@rubensteinlaw.com
>        eservice@rubensteinlaw.com

> By:    */s/ Ramon Castillo*
>       **RAMON CASTILLO**
>       Florida Bar No.: 22404

- 4 -

Filing # 142677750 E-Filed 01/26/2022 11:26:36 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

KASEY S. WEEKS,                              CIVIL DIVISION
                                            CASE NO.:

    Plaintiff,

v.

DOLGENCORP, LLC,

    Defendant.

_____/

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT, DOLGENCORP, LLC.

The Plaintiff, **KASEY S. WEEKS,** by and through the undersigned counsel and pursuant to Rule 1.370, Florida Rules of Civil Procedure, requests that Defendant, **DOLGENCORP, LLC** ("**DOLGENCORP**"), admit or deny the following:

1. **DOLGENCORP** has been properly named in the complaint (i.e. the complaint contains the name of the proper entity to be sued).

2. **DOLGENCORP** has been properly served with the summons and complaint.

3. This matter has been filed within the statute of limitations.

4. Venue is proper in **Lake** County, Florida.

5. On September 27, 2020, **DOLGENCORP** operated a store at 45 W. Stevens Ave, Eustis, FL 32726, Lake County.

6. On September 27, 2020, Plaintiff, **KASEY S. WEEKS,** was lawfully on **DOLGENCORP's** store.

7. On September 27, 2020, Plaintiff, **KASEY S. WEEKS,** was a business invitee of **DOLGENCORP.**

8. On September 27, 2020. Plaintiff, **KASEY S. WEEKS**, slipped and fell in the **DOLGENCORP's** store.

9. On September 27, 2020, Plaintiff, **KASEY S. WEEKS**, suffered injuries as a result of the fall in **DOLGENCORP's** store**.**

10. **DOLGENCORP** was the owner of the store located at 45 W. Stevens Ave, Eustis, FL 32726, in Lake County.

11. **DOLGENCORP** was the lessor of the store at 45 W. Stevens Ave, Eustis, FL 32726, in Lake County.

12. **DOLGENCORP** has the ability to select the flooring on the store at 45 W. Stevens Ave, Eustis, FL 32726, in Lake County.

13. **DOLGENCORP** has the ability to place floor mats on the store at 45 W. Stevens Ave, Eustis, FL 32726, in Lake County.

14. On September27, 2020**, DOLGENCORP** has surveillance footage capturing and/or depicting the Plaintiff slipping and falling.

15. On September 27, 2020, **DOLGENCORP** had knowledge of the slip and fall on the store at 45 W. Stevens Ave, Eustis, FL 32726, in Lake County.

16. **DOLGENCORP's** policies require the retention of the surveillance video of the Plaintiff's fall on September 27, 2020.

17. **DOLGENCORP's** surveillance video on September 27, 2020, was not created at that time in anticipation of litigation.

18. Prior to September 27, 2020, **DOLGENCORP's** knew that water would accumulate on the floor whenever it rained.

19. Prior to September 27, 2020, **DOLGENCORP's** water had accumulate on the floor due to rain.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **DOLGENCORP, LLC**

Dated: <u>January 26, 2022.</u>

> **RUBENSTEIN LAW, P.A.**
> Attorneys for Plaintiff
> 200 South Orange Avenue, Suite 2000
> Orlando, FL 32801
> Phone: (305) 661-6000
> Fax: (305) 670-7555
> Email: <u>rcastillo@rubensteinlaw.com</u>
> <u>mmercado@rubensteinlaw.com</u>
> <u>eservice@rubensteinlaw.com</u>
>
> By: <u>/s/ *Ramon Castillo*</u>
> **RAMON CASTILLO**
> Florida Bar No.: 22404

Filing # 142677750 E-Filed 01/26/2022 11:26:36 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

KASEY S. WEEKS,                                    CIVIL DIVISION
                                                   CASE NO.:
     Plaintiff,

v.

DOLGENCORP, LLC,

     Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, DOLGENCORP, LLC

     The Plaintiff, **KASEY S. WEEKS,** by and through the undersigned attorneys, hereby

requests the Defendant, **DOLGENCORP, LLC**, produce for inspection and/or photocopying

within forty-five (45) days from the date of service of this request, pursuant to Fla.R.Civ.P., at

RUBENSTEIN LAW, 9130 S. Dadeland Blvd, PH, Miami, FL 33156, the following:

1. The employee safety manual or other written document of the Defendant in effect on September 27, 2020, that discusses, touches, or concerns procedures for preventing and cleaning foreign substances such as food, liquid, etc., on the floor of its stores.

2. The employee safety manual or other written document of the Defendant in effect on September 27, 2020, that discusses, touches, or concerns procedures for when it rains and procedures for the safety of clients coming in and out of the store.

3. Any and all policies and/or procedures of the Defendant in effect on September 27, 2020, that discusses, touches, or concerns maintaining surveillance video footage after a slip and fall has been reported in the Defendant's store.

4. Any photographs taken by or on behalf of the Defendant that relates to the parties and/or scene of the alleged occurrence on September 27, 2020.

5. Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

6. Any and all statements obtained from any person concerning any of the issues in this lawsuit.

7. Any and all insurance policies that do or may provide coverage for any of Plaintiff's claims, injuries, or damages as described in the Complaint, including umbrella and excess policies.

8. Any and all surveillance or other video or recording depicting the interior and/or exterior of the **DOLGENCORP**, store located 45 W. Stevens Ave, Eustis, FL 32726, Lake County, on September 27, 2020, including the two hour period before the alleged incident and the two hour period after the alleged incident. This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.

9. All records, writings or other written memoranda concerning any other slip and falls at the store where this incident occurred, within the last three (3) years.

10. All ordinances, regulations, rules, statutes, customs, practices and publications upon which your defenses herein, if any, are based.

11. A list of the names and addresses (including clock-in/time records) of all employees employed at **DOLGENCORP,** store located 45 W. Stevens Ave, Eustis, FL 32726, Lake County, on duty on the floor/area where Plaintiff fell on the day of the incident.

12. Any and all incident reports or accident reports pertaining to the subject incident.

13. A list of the names and addresses of all individuals and/or entities that were responsible for maintaining the area where Plaintiff fell on the day of the incident.

14. All checklists, sign-off sheets, log books, etc., that show how frequently the area in question was inspected and/or cleaned on the day of the subject fall, and the one (1) month prior to the incident on September 27, 2020.

15. A copy of any report created as a result of Plaintiff's incident on September 27, 2020, that was signed and/or filled out by Plaintiff.

16. A copy of any witness statement, incident report, or other document created as a result of Plaintiff's incident on September 27, 2020.

17. A map (inside aerial view) of the Defendant's store located at 45 W. Stevens Ave, Eustis, FL 32726, Lake County. Identifying the layout of the store as it existed on the date of the incident.

18. A map of where surveillance cameras are placed within the store on the date of incident and what aisle or aisles the surveillance cameras depict/capture.

19. Any document, photograph, or video, identified in your answers to interrogatories.

20. Any documents regarding any work orders to repair or fix the source of the water that accumulated on the floor on the date of the incidents.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the

Complaint and Summons and served to the Defendant, **DOLGENCORP, LLC.**

Dated: <u>January 26, 2022.</u>

                                                      **RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
200 South Orange Avenue, Suite 2000
Orlando, FL 32801
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: <u>rcastillo@rubensteinlaw.com</u>
        <u>mmercado@rubensteinlaw.com</u>
        <u>eservice@rubensteinlaw.com</u>

By: <u>/s/ *Ramon Castillo*</u>
     **Ramon Castillo**
     Florida Bar No.: 22404

Filing # 142677750 E-Filed 01/26/2022 11:26:36 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

KASEY S. WEEKS,                                    CIVIL DIVISION
                                                   CASE NO.:
    Plaintiff,

v.

DOLGENCORP, LLC,

    Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING INITIAL INTERROGATORIES TO DEFENDANT DOLGENCORP, LLC.

The Plaintiff, **KASEY S. WEEKS,** by and through the undersigned attorney, hereby gives notice of propounding Plaintiff's Initial Interrogatories upon the Defendant, **DOLGENCORP, LLC**, to be answered within forty five (45) days from the date of service pursuant to the Florida Rules of Civil Procedure.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **DOLGENCORP, LLC.**

Dated: <u>January 26, 2022.</u>

                                 **RUBENSTEIN LAW, P.A.**
                                 Attorneys for Plaintiff
                                 200 South Orange Avenue, Suite 2000
                                 Orlando, FL 32801
                                 Phone: (305) 661-6000
                                 Fax: (305) 670-7555
                                 Email: rcastillo@rubensteinlaw.com
                                            mmercado@rubensteinlaw.com

          By: <u>*/s/ Ramon Castillo*</u>
                 **RAMON CASTILLO**
                 Florida Bar No.:
                 22404

## PLAINTIFF'S INITIAL INTERROGATORIES TO
## DEFENDANT, DOLGENCORP, LLC.

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

1.  State the full name, address and position with Defendant of the person answering these interrogatories.

2.  State the full name, address and position with Defendant of the person(s) who was responsible for the inspection, maintenance, and/or cleaning of the area where Plaintiff fell on September 27, 2020.

3.  State whether the Defendant, its agents, servants or employees received any complaints on September 27, 2020, about the condition of the area (including any liquid substance on the floor, debris on the floor, equipment leaking liquid on the floor, etc.) where Plaintiff fell prior to Plaintiff's fall on September 27, 2020. Please provide the full name(s) and address(es) of the person(s) who made the complaint, the date and time of the complaint, and the nature of the complaint.

4. Please state whether there have been any slip and falls at the store where this incident occurred and in the same general area where this incident occurred during the three years prior to the subject incident? If so, please provide:

    a. Number of slip and falls?

    b. Date of each slip and fall?

    c. Name, address and telephone number of each person who slipped and fell?

    d. Whether or not the person reported any injuries?

    e. Identify the substance that was reported to have caused the slip and fall (eg. Water, Juice, etc.)

5. With respect to each occurrence identified in the preceding question, please state the following:

    a. Whether Fire Rescue reported to the scene?

    b. Whether a claim was made against the Defendant?

    c. Whether a lawsuit was filed, and if so, please provide the case number?

6. State the full name and address of each eyewitness to all or part of Plaintiff's incident on September 27, 2020.

7.   State the full name, address, and phone number of all persons, including employees, who were at or near the scene of Plaintiff's accident within one (1) hour before the incident on September 27, 2020.

8.   State the full name, address, and phone number of all persons, including employees, who arrived at the accident scene within one (1) hour after Plaintiff's incident on September 27, 2020.

9.   State the full name, address, and phone number of each person(s) who investigated the facts and circumstances of Plaintiff's incident on September 27, 2020, for you or your insurance carrier.

10.   State the full name, address, and phone number of all persons, including employees, who has given or provided a statement concerning Plaintiff's incident on September 27, 2020.

11.   If a report was made by an agent, servant or employee of the Defendant in the ordinary course of business with respect to Plaintiff's incident on September 27, 2020, state full name and address of the person who made the report, the date it was made and in whose custody it is.

12.   State the full name(s) and address(es) of each person(s) who is believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

13.   Describe the frequency and times of inspections of the incident area prior to the incident on September 27, 2020.  State the full name, address, and job title of the person who made the last inspection of the area where the Plaintiff's incident occurred.

14.   State the full name, address, and job title of each employee of the Defendant who responded to Plaintiff's fall on September 27, 2020.

15.   State whether you have within your possession or control photographs of the incident scene, as it existed at the time of the Plaintiff's incident on September 27, 2020, or any photographs of Plaintiff on September 27, 2020.  If so, describe any and all such photographs, including the name, address, and job title of the person who took the photographs and the date the photographs were taken.

16.   Give a concise statement of the facts as to how you contend the Plaintiff's incident took place on September 27, 2020.

17.   If you contend that, the Plaintiff acted in such manner as to cause or contribute to the incident on September 27, 2020, give a concise statement of the fact upon which you rely.

18.   Do you contend that any other person, entity, or corporation acted in such a manner so as to cause or contribute to the Plaintiff's fall on September 27, 2020, as described in the Complaint?  If so, please state the full name, address, telephone number of the other person, entity or corporation, and the basis for your contention.

19.   Describe any and all policies of insurance which you contend cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurance, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

20.   Did the Defendant have security cameras operating within the store located at 45 W. Stevens Ave, Eustis, FL 32726., on the date of the subject accident?   Additionally, did the Defendant have security cameras operating in the area where Plaintiff's incident on September 27, 2020 took place?  If so, did the security cameras capture this incident as it occurred?

21. If the answer to interrogatory #20 was yes, please provide the complete name and address of the individual who has the most knowledge concerning the operation, maintenance and preservation of the security cameras and security tapes.

22. If the answer to interrogatory #20 is yes, does Defendant have video recording footage from the day of the Plaintiff's fall on September 27, 2020, of the store and any video which depicts Plaintiff including the two hour period before and after the fall? If so, please provide the name and address of the custodian of the tape. If a period before and after the fall is maintained, state how much time before and after the fall is recorded/maintained. If Defendant had in its possession this tape, but no longer has the tape, please provide the name and address of the individual with the most knowledge concerning what happened to the surveillance tape.

23. Is the Defendant properly named in the style of the case? If not, please provide the complete and proper name of the corporate defendant and the name and address of the registered agent to allow the Plaintiff to properly serve the corporate Defendant.

24. Describe in detail the type of flooring throughout the store to include the entrance and exit area. Description shall include installation date and the level of slip resistance or coefficient.

25. Describe any issues that caused water accumulation on the floor in the days and hours leading to the date of the incident?

_____
AFFIANT

STATE OF FLORIDA                )
COUNTY OF _____ )

      BEFORE   ME,   the   undersigned   authority,   personally   appeared
_____, who being duly sworn, deposes and says that the answers to
Interrogatories attached hereto are true to the best of his/her knowledge, information and belief.

      SWORN   TO   AND   SUBSCRIBED   before   me   on   this   _____   day   of
_____, 2022.

                                _____
                                NOTARY PUBLIC, STATE OF FLORIDA
                                AT LARGE

My Commission Expires:
Personally known:
or Produced Identification:            _____
Type of Identification Produced:       _____

Case 5:22-cv-00142-JSM-PRL   Document 1   Filed 03/15/22   Page 51 of 65 PageID 51

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FORLAKE COUNTY, FLORIDA

CASE NO.: 35-2022-CA-000134-AXXX-XX

KASEY S. WEEKS,

      Plaintiff,

vs.

DOLGENCORP, LLC,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF ELECTRONIC MAIL ADDRESSES PURSUANT TO RULE 2.516

RUSSELL F. BERGIN, ESQUIRE, of the Law Office of Russell F. Bergin, P.A., hereby files this Notice of Appearance on behalf of Defendant, DOLGENCORP, LLC, without waiving and specifically reserving any rights he may have to object to the sufficiency of process, service of process, proper venue or the jurisdiction of this court, and requests that all pleadings, notices, and other papers filed in this proceeding be served upon the undersigned attorney.

In compliance with Fla. R. Jud. Admin. 2.516, the undersigned hereby designates the attorney's primary, secondary and additional e-mail addresses for service of pleadings, documents, and correspondence in this matter, as follows:

| | | |
|---|---|---|
| **Primary e-mail address:** | **Russell F. Bergin, Esq.** | Russ@berginlaw.com |
| **Secondary e-mail address:** | **Christie Rodriguez** | Christie@berginlaw.com |
| **Additional e-mail address:** | **Lara Henschel** | Lara@berginlaw.com |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 9, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Ramon Castillo, Esq., rcastillo@rubensteinlaw.com, mmercado@rubensteinlaw.com and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 200 South Orange Avenue, Ste. 2000, Orlando, FL 32801.

/s/ Russell F. Bergin
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR LAKE COUNTY, FLORIDA

CASE NO.: 35-2022-CA-000134-AXXX-XX

KASEY S. WEEKS,

      Plaintiff,

vs.

DOLGENCORP, LLC,

      Defendant.

_____/

## DEFENDANT, DOLGENCORP, LLC, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Defendant, DOLGENCORP, LLC, by and through its undersigned attorney and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial, and in support thereof would state as follows:

1. Without knowledge, therefore denied.

2. Without knowledge, therefore denied.

3. Denied.

4. Defendant admits only that Lake County, Florida is a proper venue for venue purposes only. Any and all other remaining allegations or inferences contained within paragraph 4 of Plaintiff's Complaint are denied.

5. Without knowledge, therefore denied.

6. Without knowledge, therefore denied.

7. Defendant admits that on September 27, 2020, Defendant, Dolgencorp, managed, operated, and maintained the premises located at 45 W. Stevens Ave., Eustis, FL 32726 in Lake County, Florida. Any and all other remaining allegations or inferences contained within paragraph 7 of Plaintiff's Complaint are without knowledge and are therefore denied.

8. Denied.

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Denied.

   a. Denied.

   b. Denied.

   c. Denied.

   d. Denied.

   e. Denied.

   f. Denied.

   g. Denied.

12. Denied.

13. Denied.

14. Denied.

## AFFIRMATIVE DEFENSES

1.     DOLGENCORP, LLC states as an affirmative defense that at the time and place alleged in the Complaint, Plaintiff was guilty of negligence and/or assumed risk which proximately caused or proximately contributed to any injuries or damages Plaintiff may have sustained, if any, and that, therefore, any award to which Plaintiff may be entitled should be either barred or reduced accordingly, pursuant to the doctrine of comparative negligence.

2.     DOLGENCORP, LLC states as an affirmative defense that Plaintiff's alleged injuries and damages were solely the result of negligence on the part of third parties who were not under the care, custody, control or supervision of DOLGENCORP, LLC; and, therefore, Plaintiff cannot recover against DOLGENCORP, LLC.

3.     DOLGENCORP, LLC states as an affirmative defense that Plaintiff has failed to mitigate damages as required under Florida Law and any such recovery should be proportionately reduced as a result of the failure heretofore alleged.

4.     As an affirmative defense, DOLGENCORP, LLC specifically claims any credit or set off to which it might be entitled to any payments paid or payable to Plaintiff herein for damages alleged in the Complaint from any collateral source and settlements received or available to Plaintiff whatsoever.

5.     DOLGENCORP, LLC affirmatively alleges that as a result of the incident alleged in the Complaint, Plaintiff has received payments from collateral sources as that term is defined in applicable Florida Statutes, including, but not

limited to, Florida Statute §768.76, and therefore DOLGENCORP, LLC is entitled to a set off or deduction equal to the value of all benefits received by Plaintiff from any collateral source.

6.      DOLGENCORP, LLC affirmatively alleges under Florida Statute §768.041 it is entitled to a set off or deduction equal to the sums, which Plaintiff has received by way of settlement from any other person, firm, or corporation as a result of the incident described in the Complaint.

7.      The damages claimed by Plaintiff were caused, either in whole or in part by third parties over which DOLGENCORP, LLC had no control, therefore, DOLGENCORP, LLC is entitled to an apportionment of damages in accordance with Florida Statute §768.81.  DOLGENCORP, LLC, affirmatively alleges that its liability, if any, must be determined pursuant to Florida Statute §768.81(3) and pursuant to the Florida Supreme Court decision of *Fabre v. Marin* and not on the basis of joint and several liability.  Liability of DOLGENCORP, LLC, if any, must be determined on the basis of its own percentage of fault and the fault of other potential parties, including, but not limited to Plaintiff and any other person, firm, or corporation whose conduct contributed to the occurrence of this incident.  The prospective contribution of all parties and non-parties should be determined by separate entry on the jury verdict form.

8.      As an affirmative defense, DOLGENCORP, LLC asserts that its alleged conduct was not the proximate cause of Plaintiff's alleged injuries and damages and, therefore, any award of damages would be inappropriate.

9.     As an affirmative defense, DOLGENCORP, LLC, states that the Complaint fails to state a claim upon which relief can be granted.

10.     DOLGENCORP, LLC, respectively reserves the right to assert additional affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

## DEMAND FOR JURY TRIAL

DOLGENCORP, LLC, demands a trial by jury of all issues so triable as of right by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 9, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Ramon Castillo, Esq., rcastillo@rubensteinlaw.com, mmercado@rubensteinlaw.com and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 200 South Orange Avenue, Ste. 2000, Orlando, FL 32801.

/s/ Russell F. Bergin

Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

Case No. 2022 CA 134

Kasey S. Weeks,
Plaintiff,

v.

Dolgencorp, LLC,
Defendant.

## CIVIL CASE MANAGEMENT ORDER REQUIRING DISCLOSURES

THIS MATTER is before the court upon its review of the file, and the court having reviewed the file, and being otherwise duly advised in the premises,

It is hereby **ORDERED** and **ADJUDGED** as follows:

1. The above styled action is designated as a **General** case type.

2. The following deadlines shall be complied with:

| Event | Completion Deadline |
|---|---|
| Objection to Case Differentiation | Within 30 days of the date of this CMO |
| Service of Amended Complaints | Within 120 days of filing of the original Complaint |
| Motions/Objections to pleadings | Within 45 days of filing the subject pleading(s) |
| Service under Extensions | If extension for service granted then within 240 days from the date of filing of Complaint, or as otherwise ordered by the Court |
| Addition of new parties | If extension for service granted then within 240 days from the date of filing Complaint, or as otherwise ordered by the Court |
| Completion of Fact and Expert Discovery | Within 450 days after the Complaint is filed |
| Mediations | Within 150 days after the Complaint is filed and served |
| Resolution of all pre-trial motions (including Motions in Limine) | 30 days before trial |
| Pre-trial Conference | 60 days before trial, if requested |

| Jury Trial | 18 months of filing of the original Complaint |
|------------|-----------------------------------------------|

3. The deadlines established herein in paragraph 2 of this CMO will be strictly enforced *unless good cause is shown* upon motion, notice and hearing. Procrastination in completing discovery or delays occasioned by unreasonable workloads of counsel will do not constitute good cause for a change to these deadlines. Failure to comply with the deadlines established in this paragraph 2 of this CMO may subject the parties to sanctions, including but not limited to, striking of discovery, witnesses, pleadings, the imposition of attorney fees, and/or dismissal.

4. The presiding Judge will schedule a time certain trial date when the case is at issue and ready for trial upon motion and notice of a party pursuant to Florida Rule of Civil Procedure 1.440. A case management conference, wherein the parties' abilities to meet the disclosure requirements set forth herein below is confirmed, is the preferred vehicle through which to set trial.

5. Within five (5) days from the date of e-service, Plaintiff's counsel shall serve a copy of this CMO to each self-represented party by U.S. Mail, first class, postage paid; and file a certificate of mailing signed by the attorney that service has been made as set forth herein.

6. Each party is required to comply with the following mandatory disclosures or should expect to have this court's subsequent ruling(s), order(s), or final judgment ultimately made against them for their failure to comply:

  A. Prior to any trial the Plaintiff and Defendant must file with the Clerk and serve upon every other party written disclosure of all evidence expected to be presented at the trial. At <u>minimum</u> the disclosure to be filed must specify:

    I. Identification of each individual document or other tangible thing sought to be presented to the court for admission into evidence by any appropriate means, such as, judicial notice or admission through testimony of a witness, etc. A copy of every document identified should be provided to all other parties with the disclosure required by this order in order to verify disclosure. Each and every exhibit must be specifically identified. Description(s) of general categories are not considered to be adequate disclosure required by this Order. E.g., "Petitioner's 1992 Tax Return," is an appropriate disclosure assuring entry into evidence over an objection, as opposed to, "all records listed by [the opposing party]," or equally vague, "any document produced during discovery."

    II. The name, address, email address, and telephone number of <u>every</u> individual expected to be called as a <u>witness</u> to testify at trial, or via any means, have their testimony considered as evidence, and whether anticipated for rebuttal or as part of

the party's case in chief.  For each individual identified the proponent of such witness must also include a concise, plain statement of the evidence expected to be provided through the witness(es)' testimony, including the substance of the facts and any opinions to which the witness is expected to testify.  If the witness is to offer an opinion, then a summary of the grounds for every opinion must also be provided.  For every witness identified, whether considered expert or not, a concise statement of expected testimony for the witness is to be provided, such as suggested by Fla.R.Civ.P. 1.280(b)(5).  E.g. "Witness A will state that he saw the Plaintiff bat the Defendant about the head with a stick last Sunday," as opposed to, "Witness A will testify about facts surrounding the accident"; and "Dr. X will state that Plaintiff has an infected compound fracture of his left tibia making it difficult for Plaintiff to ever walk again," as opposed to, "Dr. X will provide his expert opinion(s) based on his examination and medical records." <u>Under</u> <u>no</u> <u>circumstances</u> will the Court consider any party to have adequately complied with this requirement by vague disclosure(s) such as: "any witness identified by any party"; "any witness identified during discovery"...; "any witness to impeach"... Any unilateral attempt to "reserve" or "postpone" the disclosures required herein shall be stricken or considered a nullity.

III.   The purpose of these required disclosures is twofold.  First, they provide the Court a clear record upon which it will base its rulings for any subsequently raised objection alleging, or challenging grounds such as "surprise" or "failure to disclose," etc., and the like concerning evidence offered at trial.  Citation to a deposition, or "report" containing the matter offered in evidence is an example likely to be admitted where the evidence mirrors the matter objected to at trial.  Mere names and addresses of witnesses are not likely to survive objection in addition to the examples elsewhere in this order.  Second, it is a very useful tool to help avoid wasteful continuances by demonstrating how "ready" a party truly is to present and counter evidence to be used at trial

B.  **In the event that a party deems themselves unable to comply with the above disclosures** in the manner, and for the purpose of complying, that is contemplated by this order, then, in that event that party must disclose the following:

I.   Those known individuals or entities from whom discovery must be taken in order to attain compliance;

II.   Those known documents that must be examined in order to attain compliance;

III.   Anticipated time within which the required disclosures can be achieved and filed;

IV.   Anticipated time within which discovery can be completed and finalized so that disclosure called for by this Order can be accomplished prior to trial.

7. **ANY WITNESS OR EXHIBIT DISCLOSURE FOUND NOT TO COMPLY WITH PARAGRAPHS AI AND AII ABOVE, WILL BE DEEMED INADMISSABLE AT TRIAL.** General, non-specific disclosure(s) such as: "any witness (or exhibit) disclosed during discovery"; "rebuttal"…"who will testify about the circumstances surrounding the incident"…; "listed by the opposing party" etc…; and the like, are not very helpful to the Court for purposes of managing the proceedings or evidence. Such disclosures are not likely to help the parties prepare for trial, or evaluate the case. They are not sufficient to allow entry into evidence of any item (i.e. testimony or tangible thing) that has not been specifically identified. **Neither witnesses nor exhibits that are not listed in the manner called for by this Order will be permitted into evidence at any subsequent trial.**

8. The parties are encouraged to coordinate and set a case management conference at any time, and for any purpose they deem appropriate. For instance, the court welcomes a case management conference to discuss when compliance with paragraph 6, above, would be reasonable to achieve so that a trial date can be set with confidence as being likely to occur, with minimal chance of cancellation/postponement.

9. *Voir dire* will be limited to one (1) hour per party. Any party believing more than one (1) hour for *voir dire* is necessary must file a motion therefore, accompanied by proposed *voir dire* questions or, at least, an outline of "areas" or "topics" that the party desires to ask of the panel. Until further order of the court, each party should expect to be granted no more than one (1) hour within which to conduct their *voir dire*.

10. One week prior to Trial all parties must sign a final <u>statement of stipulated facts</u> and file the original with the Clerk for every fact that is agreed to prior to trial and therefore, requires no further proof, but shall instead be recognized as stipulated fact to be accepted by the court (and any jury)prior to opening statements. In the event no such stipulation(s) can be agreed to, then the parties are required to sign a document stating that there are no agreed upon facts. Any party objecting to the relevancy of any agreed upon fact may preserve such exception by stating so on the statement. In other words, the party may recognize something to be a fact while stating that they object to its entry into evidence for relevancy or any other ground recognized by the Florida Evidence Code or case law applicable to these proceedings.

11. One (1) week prior to trial the parties must provide to the Court an agreed statement of the case that is to be read to potential jurors prior to *voir dire*.  In addition, all proposed and agreed upon jury instructions and verdict forms(s) must be submitted to the Court as a "clean" copy suitable to give to jury.  No citations, heading, instructions, labels, or alternate/contingent instructions should be contained within any specific instruction page.

12. The goal of this order is to secure timely, effective scheduling of all civil matters assigned to this court.  Attorneys and parties are therefore, requested to be mindful of the difference between their case being "at issue" versus "ready for trial."  Where possible and agreed to, the Court prefers scheduling matters for trial at a "time certain" to the parties.  This generally requires accounting for sufficient time to afford completion of all reasonable contingencies that might affect trial, such as disclosure of expected evidence, completion of discovery and availability of witnesses. **Once set for trial, the parties should expect that no continuance will be granted without further order of the court, and then only upon extreme circumstances of good cause beyond any party's control**.  Mere "stipulation" or "agreement" for continuance will not be sufficient. The intent of this order is to provide the court and the parties with a good measure for everyone to rely upon in deciding which matters, cases, etc. are, indeed, "ready for trial," i.e., when they reasonably should be **set** for trial.  Also, as stated above, the intent of this order is to provide a definitive index to evidence that will be admitted at trial. Placing such indications in the record is the intent and purpose of this order.  Do not panic if you are not yet "ready for trial."  Be prepared to work with your client, opposing party, and the court to work on a schedule to bring this case to timely conclusion in a professional manner. Suggestions for how to do so are always welcome.

13. This order is intended to comply with Florida Supreme Court and Fifth Circuit Administrative Orders calling for active management of civil cases. Attorneys and parties wishing to manage proceedings by alternate "means" are welcome to do so provided such means have been accepted by separate Order entered upon request of a party.

**DONE** and **ORDERED** on this 10th day of March, 2022.

Michael G. Takac
Circuit Judge

Copies furnished to all parties registered in the Florida Court's E-Portal.
Ramon A. Castillo, Esquire
Russell F. Bergin, Esquire

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR LAKE COUNTY, FLORIDA

CASE NO.: 35-2022-CA-000134-AXXX-XX

KASEY S. WEEKS,

      Plaintiff,

vs.

DOLGENCORP, LLC,

      Defendant.

_____/

<u>**DEFENDANT'S NOTICE OF FILING**</u>
**NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW**

The Defendant, DOLGENCORP, LLC, by and through its undersigned counsel hereby files and serves this Notice that on March 15, 2022, the Defendant filed a Notice of Removal and Supporting Memorandum of Law of the above-captioned case from the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida to the United States District Court for the Middle District of Florida, Ocala Division, to which Notice of Removal was attached copies of all process, pleadings and proceedings filed in this case. A copy of the aforementioned Notice of Removal and Supporting Memorandum of Law, with exhibits, is attached hereto as "State Exhibit A".

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 15, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Ramon Castillo, Esq., rcastillo@rubensteinlaw.com, mmercado@rubensteinlaw.com and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 200 South Orange Avenue, Ste. 2000, Orlando, FL 32801.

*/s/ Russell F. Bergin*
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

**STATE EXHIBIT "A"**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case Number: _____

KASEY S. WEEKS,

     Plaintiff,

vs.

DOLGENCORP, LLC,

     Defendant.

_____/

## DEFENDANT, DOLGENCORP, LLC's, NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

Defendant, DOLGENCORP, LLC, by and through its undersigned counsel, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby removes the circuit court case (as hereinafter defined) from the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division. In support hereof, the Defendant states as follows:

1.     On or about January 26, 2022, a civil action was filed in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida with said case being captioned *KASEY WEEKS v. DOLGENCORP, LLC,* Case No: 35-2022-CA-